UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

DELROY A. CHAMBERS, JR.,

    Plaintiff,

v.

ATLANTIC ONE REALTY GROUP, LLC,

    Defendant.
_____/

**COMPLAINT**
and
**JURY DEMAND**

    Plaintiff, Delroy A. Chambers, Jr., by and through his undersigned attorneys, files this Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendant, Atlantic One Realty Group, LLC, and as good grounds states as follows:

**PRELIMINARY STATEMENT**

    1.    This action arises as a result of Defendant's discriminatory actions perpetrated against Black people with respect to the rental of a home in Broward County, Florida (the "Dwelling").

    2.    Specifically, Defendant has violated the Fair Housing Act by, among other things: otherwise making unavailable and denying the Dwelling to Mr. Chambers because of race.

**JURISDICTION AND VENUE**

    3.    Jurisdiction is invoked pursuant to 42 U.S.C. § 3613(a), in that Plaintiff asserts his claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 2201 and 1343(a)(4), in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act.

4. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that the subject property is located in this district, the events and/or omissions giving rise to the claims herein occurred in this district, and the Defendant conducts business in this district.

## PARTIES

6. Plaintiff, Delroy A. Chambers, Jr., is a Black male that serves as a fair housing tester who seeks to enforce fair housing laws so that people are protected from discriminatory housing practices. Mr. Chambers attempts to accomplish these goals by engaging in testing for fair housing violations and pursuing enforcement of meritorious claims, among other things. In this capacity, Mr. Chambers poses as a renter or purchaser for the purpose of collecting evidence of discriminatory housing practices, without intent to rent or purchase a home. At all relevant times, Mr. Chambers was acting in this capacity as a tester when he conducted an investigation into the discriminatory actions perpetuated by Defendant.

7. As a fair housing tester and advocate dedicated to advancing the rights of those historically discriminated against, Mr. Chambers attempts to locate housing providers and advertisers in order to test their compliance with various fair housing laws. Mr. Chambers conducts such testing efforts consistent with the guidance and instructions outlined by the U.S. Department of Housing and Urban Development (HUD), housing advocacy groups, and established case law.

8. Mr. Chambers is deeply committed to fair housing and the goals of the Fair Housing Act. Mr. Chambers was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendant.

9. Defendant, Atlantic One Realty Group, LLC, is a Florida Limited Liability Company that is engaged in the business of real estate.

## FACTUAL ALLEGATIONS

10. While investigating discrimination in the housing market in early 2019, Mr. Chambers encountered an advertisement for the rental of the Dwelling. The advertisement stated, among other things: "No arrests or convictions (Per HOA Guidelines)."

11. This statement clearly indicates that the rental of the Dwelling is subject to a blanket prohibition regarding an applicant's criminal arrest and conviction history, which is unlawful under the Fair Housing Act, as it has a disparate impact on Black people, and fails to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

12. As part of Mr. Chambers's fair housing testing efforts as described above, Mr. Chambers, posing as a potential renter, responded to the advertisement, and attempted to negotiate for the rental of the Dwelling with Defendant by inquiring whether the Dwelling was available to be rented.

13. Defendant confirmed that the Dwelling was available.

14. Having confirmed that the Dwelling was available for rental, Mr. Chambers continued the test by asking Defendant about the blanket prohibition regarding an applicant's criminal arrest and conviction history noted in the advertisement.

15. Defendant responded by restating that the "HOA has strict guidelines and will not approve an applicant if there is an arrest record."

16. Such actions and statements serve to discourage Mr. Chambers from applying, inspecting and renting the Dwelling; and restrict the choices of Mr. Chambers by word or conduct in connection with seeking, negotiating for, renting the Dwelling so as to perpetuate, or tend to

perpetuate, segregated housing patterns, or to discourage or obstruct choices in a community, neighborhood or development.  As such, these actions constitute efforts to deprive Mr. Chambers of housing opportunities.

17. HUD has found that "where a policy or practice that restricts access to housing on the basis of criminal background has a disparate impact on individuals of a particular race … such policy or practice is unlawful under the Fair Housing Act if it is not necessary to serve a substantial, legitimate, nondiscriminatory interest of the housing provider."  *See* HUD, "Office of General Counsel Guidance on Application of Fair Housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions" (April 4, 2016).

18. According to recent data, studies and HUD findings, Black people are arrested, convicted, and imprisoned at vastly disproportionate rates in Florida and the country as a whole. As such, the policy furthered by Defendant actually and predictably result in a disparate impact to Black people.

19. HUD has found that "[a] housing provider with a policy or practice of excluding individuals because of one or more prior arrests (without any conviction) cannot satisfy its burden of showing that such policy or practice is necessary to achieve a substantial, legitimate, nondiscriminatory interest." *Id.*

20. HUD has further found that no substantial, legitimate, nondiscriminatory interest can be served where "[a] housing provider … imposes a blanket prohibition on any person with any conviction record – no matter when the conviction occurred, what the underlying conduct entailed, or what the convicted person has done since then." *Id.*

21. As such, Defendant's furtherance of the blanket prohibition regarding an applicant's criminal arrest and conviction history is unlawful under the Fair Housing Act, as it has

a disparate impact on Black people, and fails to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

22. Mr. Chambers was angered and insulted that Defendant was making the Dwelling unavailable to him and denying it to him based on its blanket prohibition regarding an applicant's criminal arrest and conviction history.

23. As a Black person who has been the subject of discrimination throughout his life, Mr. Chambers is particularly sensitive to discriminatory practices. Mr. Chambers was insulted and emotionally distressed by being denied housing based on the Defendant's blanket prohibition regarding an applicant's criminal arrest and conviction history and being subjected to such discriminatory policies.

24. Mr. Chambers was and is saddened, angered, and insulted by the fact that the rental policy furthered by Defendant includes a blanket prohibition regarding an applicant's criminal arrest and conviction history that has a discriminatory impact and serves no substantial, legitimate, nondiscriminatory interest, and are denying applicants pursuant to that policy. Mr. Chambers has spent a significant amount of time thinking about all the other Black people who may have been denied housing by Defendant because of this blanket prohibition, and while doing so, has felt the aforementioned emotions.

25. Defendant's unlawful conduct proximately caused Mr. Chambers to suffer the aforementioned emotions, which have manifested into stress, unpleasant rumination, mental strain, and feelings of indignity, hopelessness and anxiety about race discrimination in housing.

26. Consistent with his fair housing testing efforts, Mr. Chambers has a practice of continuing to monitor and test those entities and individuals found to have been discriminating. To those ends, Mr. Chambers will continue monitoring Defendant and its agents in order to

determine its ongoing compliance with the Fair Housing Act, and will continue to do so throughout the pendency of this matter and after its conclusion.

## COUNT 1:
## VIOLATION OF THE FAIR HOUSING ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. This Count 1 is brought by Plaintiff against the Defendant, Atlantic One Realty Group, LLC.

29. Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant, and its agents.

30. Defendant Atlantic One Realty Group, LLC authorized its agents to act for it when they committed the Fair Housing Act violations alleged herein. Defendant's agents accepted the undertaking of acting on behalf of Defendant Atlantic One Realty Group, LLC when they committed the Fair Housing Act violations alleged herein. Defendant Atlantic One Realty Group, LLC had control over its agents when they committed the Fair Housing Act violations alleged herein.

31. Defendant has violated the Fair Housing Act by, among other things, otherwise making unavailable and denying the Dwelling to Mr. Chambers because of race.

32. A discriminatory purpose, not any legitimate reason, was a motivating factor behind Defendant's aforementioned discriminatory actions and/or omissions.

33. As a result of Defendant's discriminatory conduct - committed despite being engaged in the business of real estate, coupled with Plaintiff's ongoing monitoring efforts - Plaintiff has suffered, is continuing to suffer, and will in the future suffer irreparable loss and injury and a real and immediate threat of future discrimination by Defendant.

34. Defendant's unlawful conduct and actions constitute discrimination and proximately caused Plaintiff's damages as described above.

35. In engaging in this unlawful conduct described above, Defendant acted recklessly or intentionally. This is evidenced, in part, by the fact that Defendant is engaged in the real estate business and are licensed real estate professionals, who have been educated, trained, and tested in fair housing laws, nonetheless chose to engage in unlawful discrimination.

36. As a tester who has been treated in a discriminatory fashion by Defendant, Mr. Chambers has suffered an injury in precisely the form the Fair Housing Act was intended to guard against, and therefore he has standing to maintain his claims under the Act's provisions.

37. Accordingly, Plaintiff is aggrieved by Defendant's discriminatory actions in violation of the Fair Housing Act.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. declare the actions, omissions, policies, and procedures of Defendant, complained of herein to be in violation of the Fair Housing Act;

B. enter a permanent injunction enjoining Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, from engaging in discrimination based on race;

C. enter a permanent injunction compelling Defendant, its successors, and its servants, agents and employees, and all those acting in concert with it, to amend any and all policies, procedures and practices, which discriminate against persons based on race;

D. award compensatory damages to Plaintiff against Defendant, to compensate Plaintiff for, among other things, the emotional distress, anger, insult and injury caused by Defendant's discriminatory actions;

    E. award punitive damages to Plaintiff against Defendant for its reckless and intentional discriminatory actions;

    F. award Plaintiff his costs and reasonable attorneys' fees in this action; and

    G. award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
974 Howard Avenue
Dunedin, Florida 34698
(202) 709-5744
(866) 893-0416 (Fax)

Attorneys for the Plaintiff


By: *s/ Shawn A. Heller*
   Shawn A. Heller, Esq.